UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ADAMAR,<br>Petitioner,<br>v.<br>J. HARTLEY, Warden,<br>Respondent. | 1:12-cv-00687 LJO MJS HC<br><br>FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS<br><br>(Doc. 12) |

Petitioner is a state prisoner proceeding with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. He proceeds *pro se.* Respondent is represented in the action by Maria G. Chan, Esq., of the Office of the Attorney General for the State of California.

**I. BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections. On May 1, 2012, Petitioner filed the instant petition challenging a October 12, 2010 prison disciplinary finding that resulted in a 90 day loss of good time credits. (See Pet. at 9, ECF No. 1.) Petitioner also asserts that the disciplinary finding will contribute to future denials by the Board of Parole Hearings ("Board"); however, Petitioner presents no evidence that a parole hearing has occurred after the disciplinary finding. (Id.)

On September 10, 2012, Respondent filed a Motion to Dismiss the petition for failure to state a cognizable claim on the ground that the disciplinary decision does not affect the fact or duration of Petitioner's confinement. Petitioner filed a Reply to the Motion to Dismiss on October 22, 2012.

## II. DISCUSSION

### A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

Moreover, the Advisory Committee Notes to Rule 8 of the Rules Governing Section 2254 Cases indicates that the court may dismiss a petition for writ of habeas corpus either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See, e.g., Miles v. Schwarzenegger, 2008 U.S. Dist. LEXIS 72056, 2008 WL 3244143, at *1 (E.D. Cal. Aug. 7, 2008) (dismissing habeas petition pursuant to respondent's motion to dismiss for failure to state a claim). However, a petition for writ of habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

**B. Cognizability of Petitioner's Claim**

1. Habeas Corpus Jurisdiction

A writ of habeas corpus is the appropriate federal remedy when "a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to an immediate or speedier release from that imprisonment." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Challenges to prison disciplinary convictions in which the inmate has lost time credits must be raised in a federal habeas corpus action unless the credits have been restored or the disciplinary conviction set aside. Edwards v. Balisok, 520 U.S. 641, 644 (1997). Federal habeas corpus jurisdiction also exists when a prisoner seeks "expungement of a disciplinary finding from his record if expungement is likely to accelerate the prisoner's eligibility for parole." Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989) (*citing* McCollum v. Miller, 695 F.2d 1044, 1047 (7th Cir. 1982)); see also Docken v. Chase, 393 F.3d 1024, 1028-29, 1031 (9th Cir. 2004) (challenging state parole board's refusal to provide petitioner with annual review of his suitability for parole).

In Docken v. Chase, the Ninth Circuit clarified Bostic's definition of the word "likely" in this context. 393 F.3d at 1031. Expungement of a disciplinary finding is "likely" to accelerate a prisoner's eligibility for parole when his claim has "a sufficient nexus to the length of imprisonment so as to implicate, but not fall squarely within the 'core' challenges identified by the Preiser Court." Docken, 393 F.3d at 1031. An inmate's claim strikes at the core of habeas corpus when it "attack[s] the very duration of [his] physical confinement itself" and seeks "immediate release or speedier release from that confinement." Preiser, 411 U.S. at 487-88, 498. The Ninth Circuit has concluded that a "sufficient nexus", and therefore habeas jurisdiction, exists where a prison inmate "seek[s] only equitable relief in challenging aspects of [his] parole review that . . . *could* potentially affect the duration of [his] confinement." Docken, 393 F.3d at 1031 (emphasis in original). "The likelihood of the effect on the overall length of the prisoner's sentence . . . determines the availability of habeas corpus." Id. at 1028 (quoting Ramirez, 334 F.3d at 858).

///

Respondent asserts, relying on Ramirez v. Galaza, that habeas jurisdiction does not exist if a successful petition does not necessarily shorten Petitioner's sentence. See 334 F.3d at 859 ("habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence."). In Docken the Ninth Circuit explained that while such distinction applied to 28 U.S.C. § 1983 cases, it did not likewise limit habeas corpus cases. Docken, 393 F.3d at 1028.[1] "Ramirez concerned a challenge to internal disciplinary procedures and the administrative segregation that resulted from it. Ramirez's suit did not deal with the fact or duration of his confinement." See, e.g., Docken, 393 F.3d at 1030 n.4. Docken rejected the premise that habeas and section 1983 jurisdiction are mutually exclusive. Id. at 1031 ("As outlined above, the question of the relationship between habeas and § 1983 relief has only explicitly come up before in converse form: whether claims are *not cognizable* under § 1983 because their resolution will necessarily impact the fact and duration of confinement. In the only instance where the Supreme Court addressed whether habeas and § 1983 are necessarily mutually exclusive, the suggestion was that they are not. We agree.") (emphasis in original; citations omitted.).

In summary, habeas corpus jurisdiction exists if a successful claim could potentially affect the duration of confinement. Respondent incorrectly heightens the applicable standard when it asserts that habeas jurisdiction requires a claim that, if granted, would necessarily shorten a petitioner's sentence.

2. Credit Loss and Petitioner's Minimum Eligible Parole Date

For California prisoners serving a maximum term of life with the possibility of parole, good conduct credits are relevant to the determination of the prisoner's minimum eligible parole date. See Cal. Code Regs., tit. 15, § 2400 ("The amount of good conduct credit that a prisoner sentenced for first or second degree murder may earn to reduce the minimum eligible

---

[1] "Thus, although Supreme Court case law makes clear that § 1983 is not available where a prisoner's claim 'necessarily' implicates the validity or duration of confinement, it does not set out any mirror-image limitation on habeas jurisdiction. The Court's central concern, in all of the cases cited above, has been with how far the general remedy provided by § 1983 may go before it intrudes into the more specific realm of habeas, not the other way around." Docken, 393 F.3d at 1028.

parole date is established by statute . . . The department will determine the minimum eligible parole date. The length of time a prisoner must serve prior to actual release on parole is determined by the board."); Alley v. Carey, 2010 U.S. App. LEXIS 23068, 2010 WL 4386827, at *1 (9th Cir. Nov. 5, 2010) (unpublished) (good time credit affects minimum eligible parole date) (may be cited pursuant to Rule 36-3 of the Ninth Circuit Rules). When a prisoner reaches his minimum eligible parole date, good conduct credits are not awarded unless and until the Board grants parole. See Cal. Code. Regs., tit. 15, §§ 2403, 2410, 2411; Garnica v. Hartley, 2010 U.S. Dist. LEXIS 88776, 2010 WL 3069309, at *2 (E.D. Cal. Aug. 4, 2010) ("Good conduct credits are not awarded until parole is actually granted by the parole board."); Wilder v. Dickinson, 2011 U.S. Dist. LEXIS 30772 at *15 (C.D. Cal. Feb. 10, 2011).

In this case, Petitioner's good time credits were restored. (Mot. to Dismiss, Ex. A.) Accordingly, the disciplinary hearing did not affect his minimum eligible parole date, and therefore did not impact the duration of Petitioner's custody based on this ground.

3. Effect on Petitioner's Parole Suitability Hearing

Pursuant to California Code of Regulations § 2402(a), the Board is required to determine Petitioner's suitability for parole by considering: his "involvement in other criminal misconduct which is reliably documented;" his "behavior before, during, and after the crime;" and whether he "has engaged in serious misconduct in prison or jail." Cal. Code Regs. tit. 15, § 2402(b), (c)(6) (2010). Institutional behavior is given additional consideration because "[i]nstitutional activities indicate an enhanced ability to function within the law upon release." Id. § 2402(d)(9). Therefore, the Board is required to consider a petitioner's prison disciplinary record in determining his suitability for parole.

As noted, Respondent argues habeas jurisdiction is lacking because Petitioner's challenge will not necessarily shorten Petitioner's sentence. This argument is unpersuasive. Reversal or expungement of petitioner's conviction for the rules violation, if warranted, is both "likely" to accelerate his eligibility for parole, Bostic, 884 F.2d at 1269, and "could potentially affect the duration of [his] confinement." Docken, 393 F.3d at 1031. See, e.g., Rodarte v. Grounds, C 10-4517 RMW (PR), 2011 U.S. Dist. LEXIS 68011 at *5-13 (N.D. Cal. June 24,

2011) (Holding that expungement of disciplinary conviction is cognizable in habeas corpus because it is likely to accelerate petitioner's eligibility for parole and/or could potentially affect the duration of his confinement.); Johnson v. Swarthout, S-10-1568 KJM DAD, 2011 U.S. Dist. LEXIS 43798, 2011 WL 1585859 at *2-3 (E.D. Cal. Apr. 22, 2011) (Findings and recommendations recommending that habeas jurisdiction exists for a challenge to a disciplinary decision, but no decision yet from the district judge); Hardney v. Carey, S-06-0300 LKK EFB, 2011 U.S. Dist. LEXIS 35603, 2011 WL 1302147 at *5-8 (E.D. Cal. Mar. 31, 2011) (same); Foster v. Washington-Adduci, 2010 U.S. Dist. LEXIS 41578, 2010 WL 1734916 at *4 (C.D. Cal. Mar. 24, 2011) (Respondent's reliance on dictum from Ramirez was not persuasive in case brought under § 2241 in the federal prison context ); Murphy v. Dep't of Corr. & Rehabilitation, 2008 U.S. Dist. LEXIS 1691, 2008 WL 111226 at *7 (N.D. Cal. Jan. 9, 2008) (habeas corpus jurisdiction is proper to challenge a disciplinary guilty finding because "[a]s a matter of law, it is well established that a disciplinary violation may affect the duration of an inmate's confinement."); Drake v. Felker, S-07-0577 JKS, 2007 U.S. Dist. LEXIS 91585, 2007 WL 4404432 at *2 (E.D. Cal. Dec. 13, 2007) (Habeas corpus jurisdiction found to exist over a challenge to a disciplinary decision because "a negative disciplinary finding, at least in California, necessarily affects potential eligibility for parole").

This Court recognizes that some district courts have held to the contrary. See, e.g. Rhodes v. Evans, S-09-1842 JAM EFB, Docket Nos. 18, 20, 2011 U.S. Dist. LEXIS 12916 (E.D. Cal. Apr. 9, 2011) (District judge held that challenge to disciplinary decision was not cognizable on habeas review, rejecting magistrates judge's recommendation); Legare v. Ochoa, S-10-2379 AWI, 2011 U.S. Dist. LEXIS 20382, 2011 WL 795811 at *1 (E.D. Cal. Mar. 1, 2011) (Findings and recommendations recommending that habeas jurisdiction does not exist for a challenge to a disciplinary decision, but no decision yet from the district judge); Norman v. Salazar, 2010 U.S. Dist. LEXIS 52280, 2010 WL 2197541 at *2 (C.D. Cal. Jan. 26, 2010) ("the mere possibility that the 2006 disciplinary conviction could be detrimental to Petitioner in future parole hearings is too speculative to serve as the basis for a habeas corpus petition"); Santibanez v. Marshall, 2009 U.S. Dist. LEXIS 131033, 2009 WL 1873044 at *7

(C.D. Cal. June 30, 2009) (claim seeking expungement of disciplinary conviction not cognizable on habeas review because it would have only speculative impact on the petitioner's consideration for parole in the future).

United States Supreme Court precedent provides support that the mere possibility that the disciplinary action could affect a Petitioner's parole is to attenuated to support a Due Process violation. In Sandin v. Conner, 515 U.S. 472 (1995), a prisoner brought forth a claim arguing that a Hawaii prison regulation and the Due Process Clause afforded the prisoner a protected liberty interest such that a disciplinary sentence of 30 days segregation was unconstitutional. The inmate was found to have used angry and foul language during a strip search. In finding the 30-day punishment itself constitutional, the court also addressed the impact of the conviction on his parole eligibility in the future:

> Nor does [Petitioner's] situation present a case where the State's action will inevitably affect the duration of his sentence. Nothing in Hawaii's code requires the parole board to deny parole in the face of a misconduct record or to grant parole in its absence, Haw. Rev. Stat. §§ 353-68, 353-69 (1985), even though misconduct is by regulation a relevant consideration, Haw. Admin. Rule § 23-700-33(b) (effective Aug. 1992). The decision to release a prisoner rests on a myriad of considerations. And, the prisoner is afforded procedural protection at his parole hearing in order to explain the circumstances behind his misconduct record. Haw. Admin. Rule §§ 23-700-31(a), 23-700-35(c), 23-700-36 (1983). The chance that a finding of misconduct will alter the balance is simply too attenuated to invoke the procedural guarantees of the Due Process Clause.

Id. at 487; see also Spencer v. Kemna, 523 U.S. 1, 14 (1998) (parole revocation impacting future parole proceedings is only a "possibility rather than certainty or even a probability" and is "simply one factor, among many, that may be considered by the parole authority in determining whether there is a substantial risk that the parole candidate will not conform to reasonable conditions of parole").

In Wilson v. Terhune, 319 F.3d 477, 481-83 (9th Cir. 2003), the Ninth Circuit held that a parole denial is 'separate and distinct' from the disciplinary violation process. In Wilson, the petitioner argued that a disciplinary violation (based on an escape attempt) would adversely affect his future parole prospects. 319 F.3d at 482. The Ninth Circuit concluded that a disciplinary violation does not create a presumption of collateral consequence. Further, "the decision to grant parole is discretionary" and the violation would be only one factor among

many considered by the Board. Id. The court also noted that the Board would likely consider the underlying conduct, which the petitioner did not deny, rather than the violation itself, so expunging the violation would not improve his parole prospects. Wilson, 319 F.3d at 482.

Unlike Wilson, Petitioner denies the charges underlying the disciplinary violation. It is therefore possible that expungement of the violation from his record would improve his parole prospects to the extent that the violation, and the conduct underlying it, would no longer be considered by the Board. However, as proscribed by Wilson, there is no presumption of collateral consequences, and Petitioner has not provided any evidence that he has had a subsequent parole suitability hearing that was adversely affected by the disciplinary report. Petitioner has not alleged collateral consequences sufficient to meet the case-or-controversy requirement, and his claim is therefore moot. See Spencer, 523 U.S. at 13, 15; Wilson v. Terhune, 319 F.3d at 479-81.

## III. CONCLUSION

Respondent has shown that Petitioner's disciplinary violation is not likely to affect the length of his sentence. Specifically, Respondent has shown that Petitioner's good time credits have been restored and that the potential effect on Petitioner's future parole hearings is too speculative. The Court recommends that Respondent's Motion to Dismiss be granted.

## IV. RECOMMENDATION

Accordingly, the Court RECOMMENDS that the Motion to Dismiss for failure to state a cognizable claim be GRANTED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections. The Finding and Recommendation will then be submitted to the District Court for

review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: May 23, 2013 /s/ Michael J. Seng
UNITED STATES MAGISTRATE JUDGE